Pro Se 15 2016

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

GENEVA LANGWORTHY

Plaintiff(s),

v.

WHATCOM COUNTY SUPERIOR COURT

WHATCOM COUNTY DISTRICT COURT

RAQUEL MONTOYA-LEWIS

Defendant(s).

CASE NO. 20-CV-1637 JCC
[to be filled in by Clerk's Office]

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(for use only by plaintiffs not in custody)

Jury Trial: ☑ Yes   ☐ No

THREE JUDGE COURT

## I. THE PARTIES TO THIS COMPLAINT

A. Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Geneva Langworthy |
| Street Address | 240 S. Sunnyside Ave. #2082 |
| City and County | Sequim, Clallum County |
| State and Zip Code | WA 98382 |
| Telephone Number | 360-797-3386 |

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 1

*Pro Se 15 2016*

B.  Defendant(s)

    *Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 1

| | |
|---|---|
| Name | Whatcom County Superior Court |
| Job or Title *(if known)* | |
| Street Address | 311 Grand Ave Suite 301 |
| City and County | Bellingham, Whatcom County |
| State and Zip Code | WA 98225 |
| Telephone Number | 360-778-5560 |
| ☐ Individual capacity | ☐ Official capacity |

Defendant No. 2

| | |
|---|---|
| Name | Whatcom County District Court |
| Job or Title *(if known)* | |
| Street Address | 311 Grand Ave Suite 401 |
| City and County | Bellingham Whatcom County |
| State and Zip Code | WA 98225 |
| Telephone Number | 360-778-5400 |
| ☐ Individual capacity | ☐ Official capacity |

Defendant No. 3

| | |
|---|---|
| Name | Raquel Montoya-Lewis |
| Job or Title *(if known)* | Justice |
| Street Address | 415 12th Ave. SW |
| City and County | Olympia, Thurston County |
| State and Zip Code | WA 98501 |
| Telephone Number | 360-357-2077 |
| ☐ Individual capacity | ☑ Official capacity |

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 2

Pro Se 15 2016

Defendant No. 4

    Name  
    Job or Title *(if known)*  
    Street Address  
    City and County  
    State and Zip Code  
    Telephone Number  
    ☐ Individual capacity     ☐ Official capacity

## II. PREVIOUS LAWSUITS

Have you brought any other lawsuits in any federal court in the United States:?

☒ No     ☐ Yes     If yes, how many? _____

Describe the lawsuit:

I attempted to sue the Washington State Division of Vocational Rehabilitation in January, 2018 for improperly waitlisting me when DVR went on Order of Selection in 2017. My case was dismissed as belonging in state court. I did not re-file in state court. Two and a half years later, I was finally released from DVR's waiting list, and have been receiving services.

Parties to this previous lawsuit:

Plaintiff(s)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 3

Pro Se 15 2016

_____

_____

Defendant(s)

_____

_____

_____

_____

(*If there is more than one previous lawsuit, describe the additional lawsuits on another piece of paper using the same outline. Attach additional sheets, if necessary*)

Court and name of district:

_____

Docket Number: _____

Assigned Judge: _____

Disposition: (*For example, was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?*)

_____

_____

_____

Approximate filing date of lawsuit: _____

Approximate date of disposition: _____

### III.   BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens*

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 4

Pro Se 15 2016

v. *Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1. Americans with Disabilities Act, Title II

2. U.S. Const. Amend. 14 Due Process Clause

3. 45 CFR §164 Privacy and Security

4. 42 USC §1983 Civil Action for Deprivation of Rights

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 5

Pro Se 15 2016

under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

1. Whatcom County District and Superior Court judges and Court Clerk staff, acting in their official capacities, failed to provide reasonable accommodation as required by Title II of the ADA.

2. Whatcom County District and Superior Courts denied my due process right of access to the courts, by failing to accommodate the disabilities which cause barriers to access (including prejudice and stereotype).

3. Whatcom County District Court judges and Court Clerk staff, and Whatcom County Superior Court Clerk staff, failed to seal, or maintain sealed, disability accommodation requests (ADA) and private medical documentation (HIPAA).

## IV.   STATEMENT OF CLAIM

*State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

Please See Attached

A. Where did the events giving rise to your claim(s) occur?

Whatcom County, Washington

B. What date and approximate time did the events giving rise to your claim(s) occur?

Please See Attached

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I have been determined to be completely disabled by the Social Security Administration.

I have received Social Security Disability (SSDI) since 2000.

The denial of reasonable accommodations and other disability discrimination have operated to deny my constitutionally-guaranteed right of access to the courts. My right to medical records privacy has been violated.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 6

Pro Se 15 2016

## V. INJURIES

*If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.*

I am suffering from Post-Traumatic Stress Disorder, anxiety, depression, chronic sleep deprivation, severe back pain, and mobility impairment as a result of the Whatcom Courts' discrimination and invasion of privacy. I also have elevated blood pressure and blood sugar, weight gain, risk of diabetes, and risk of heart disease linked to the disability discrimination I have suffered.

## VI. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.*

1. Enforced compliance of the Whatcom Courts with the requirements of the Americans with Disabilities Act;
2. Federal instruction to the Whatcom Courts to participate in ADA disability sensitivity and awareness training;
3. Guarantee of full and unrestricted access to the courts and court program, with or without disability accommodation;
4. Sealing and/or redaction of all private medical information and personal references in all cases;
5. Actual ($40,000) and compensatory ($250,000) damages.

## VII. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 7

*Pro Se 15 2016*

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: November 5, 2020

Signature of Plaintiff: *Geneva Langworthy*

Printed Name of Plaintiff: Geneva Langworthy

Date of signing: 

Signature of Plaintiff: 

Printed Name of Plaintiff: 

Date of signing: 

Signature of Plaintiff: 

Printed Name of Plaintiff: 

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 8

## STATEMENT OF CLAIM

1. On May 18, 2019, Whatcom Superior Court Judge Raquel Montoya-Lewis denied Plaintiff reasonable disability accommodation in 19-2-00966-37, and offered no alternate accommodation.

2. On May 18, 2019, Whatcom Superior Court Judge Montoya-Lewis discriminatorily dismissed Ms. Langworthy's cause of action upon receipt of a mental evaluation in support of Langworthy's disability accommodation request.

3. On July 17, 2019, Whatcom District Court Commissioner Anthony Parise failed to accommodate Ms. Langworthy's disabilities in AH19-114. On July 19, 2019, Comm. Parise again denied reasonable accommodation, and offered no alternate accommodation. Comm. Parise refused to seal Ms. Langworthy's disability accommodation request.

4. On August 7, 2019, Whatcom Superior Court Judge Raquel Montoya-Lewis denied Plaintiff reasonable accommodation in cause no. 19-2-01523-37, and offered no alternate accommodation.

5. On August 18, 2019, Plaintiff Langworthy submitted an amended request for reasonable disability accommodation in 19-2-01523-37, which was denied by the Court.

5. On December 13, 2019, Whatcom Superior Court Judge Rob Olson

discriminatorily denied reasonable accommodations to Plaintiff Langworthy, and offered no alternate accommodations. Judge Olson claimed that Ms. Langworthy did not meet the "substantive requirements" for accommodation, although Langworthy provided sufficient medical documentation. All reasonable accommodation requests were denied by Judge Olson, not just accommodation under state rule GR 33(a)(1)(C).

6. On or about January 20, 2020, Whatcom District Court Judge pro tem Jeffrey Lustick denied Ms. Langworthy disability accommodation, after issuing a finding that Ms. Langworthy has disabilities which require accommodation, on the claim that Ms. Langworthy failed to provide proof of indigency. Judge pro tem Lustick also discriminatorily found Ms. Langworthy in contempt for disability-related issues.

7. On or about February 12, 2020, Whatcom District Court Judge pro tem Lustick and the District Court Clerk unsealed and filed Ms. Langworthy's sealed disability accommodation request and supporting medical documentation.

8. On or about March 12, 2020, Whatcom District Court Commissioner Anthony Parise failed to respond to a reasonable accommodation request by Plaintiff Langworthy.

9. On May 20, 2020, Whatcom Superior Court Judge Deborra Garrett denied Ms. Langworthy's reasonable accommodation request, and failed to provide an alternate accommodation.

10. On or about May 14, 2020, Whatcom District Court Commissioner Anthony Parise unsealed Ms. Langworthy's sealed disability accommodation request and

STATEMENT OF CLAIM
page 2

discussed and denied the reasonable accommodation request in a default hearing at which Ms. Langworthy was not present. Comm. Parise lacked subject matter jurisdiction at the time.

11. On or about June 19, 2020, Whatcom Superior Court Judge Deborra Garrett discriminatorily dismissed Ms. Langworthy's cause of action for disability-related issues, and in response to medical documentation obtained by illegal subpoena by the Opposing Counsel.

12. On July 15, 2020, Whatcom District Court Commissioner Anthony Parise unsealed and discriminatorily denied Ms. Langworthy's reasonable accommodation requests in AH19-114, and failed to provide any alternate accommodation. When Ms. Langworthy raised the issue and persistently requested her right to disability accommodation to address barriers of access to the courts program, Comm. Parise disconnected Ms. Langworthy from the telephonic hearing and proceeded to issue a default judgment. In spite of lacking subject matter jurisdiction under RCWA 10.14.150(1)(c), Comm. Parise discriminatorily issued a five year extension of his original unconstitutional anti-harassment order in AH19-114.

13. On or about August 18, 2020, Whatcom Superior Court Judge Deborra Garrett discriminatorily denied Ms. Langworthy's motion to seal the medical documentation obtained by illegal subpoena in 20-2-00323-37, also denying to sanction the Opposition for unlawful ex parte communications with Plaintiff's medical provider.

14. On October 18, 2020, Ms. Langworthy filed a motion with a medical evaluation

attached under a sealed cover sheet in 20-2-00696-37. Langworthy communicated the fact to Whatcom Superior Court Chief Deputy Clerk Sandra Kiele, and asked for correction if her procedure in filing was not correct. Chief Deputy Clerk Kiele discriminatorily failed to seal the medical documentation submitted under seal, in spite of the attached note to her.

On October 19, 2020, Plaintiff Langworthy was contacted by Opposing Counsel informing her that her private medical documentation was readily available in the public court record for 20-2-00696-37.

15. On October 19, 2020, Whatcom Superior Court Clerk David Reynolds discriminatorily and retaliatorily discontinued Ms. Langworthy's access to e-mail filing of pleadings, in response to Langworthy's concerns regarding her medical privacy rights.

Whatcom Superior Court refused to allow Ms. Langworthy to sign up for Odyssey.

16. On October 20, 2020, Plaintiff Langworthy submitted a reasonable disability accommodation request to Whatcom Superior Court Clerk David Reynolds for access to filing and to the court record. Mr. Reynolds refused to accept the request via email. As of today's date, the Whatcom Superior Court Clerk has not responded to Ms. Langworthy's reasonable accommodation request.

DATED November 5, 2020                *Geneva Langworthy*

Respectfully submitted by Geneva Langworthy
disabled Plaintiff pro se
Po Box 2082
Sequim, WA 98382