THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GENEVA LANGWORTHY,

               Plaintiff,

    v.

WHATCOM COUNTY SUPERIOR COURT,
WHATCOM COUNTY DISTRICT COURT,
and RAQUEL MONTOYA-LEWIS,

               Defendants.

CASE NO. C20-1637-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On November 6, 2020, United States Magistrate Judge Michelle L. Peterson granted Plaintiff Geneva Langworthy's motion to proceed *in forma pauperis* and recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 4.)

The Court must dismiss an *in forma pauperis* complaint if the action raises frivolous or malicious claims, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief, a pleading must contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Conclusory allegations of law and unwarranted factual inferences are not sufficient to

state a claim. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal is also appropriate if a complaint fails to put forth a "cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Ms. Langworthy brings suit against the Whatcom County Superior Court, the Whatcom County District Court, and former Whatcom County Superior Court Judge Raquel Montoya Lewis in her official capacity under 42 U.S.C. § 1983 for violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12165; the Due Process Clause of the Fourteenth Amendment; and 45 C.F.R. § 164. (*See* Dkt. No. 5 at 2, 5.) She alleges that court administrators, staff, and judges failed to provide her with reasonable accommodations, took adverse actions against her during state proceedings based on her disability, and failed to maintain under seal the personal medical information she submitted in support of her requests for accommodations. (*See generally* Dkt. No. 5.) Ms. Langworthy's complaint fails to state a claim for the following reasons.

### 1. Americans with Disabilities Act Claims

First, Ms. Langworthy alleges that Defendants "failed to provide reasonable accommodation as required by Title II of the ADA." (Dkt. No. 5 at 6.)

To the extent Ms. Langworthy brings a claim under Section 1983 to vindicate rights created by Title II of the ADA, that claim cannot stand. Section 1983 does not create rights, but instead provides a cause of action for violations of rights created by federal laws or the Constitution. *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995) (quoting *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990)). But if the federal law allegedly violated (here, Title II of the ADA) includes its own comprehensive remedial scheme, then courts presume that Congress intended to foreclose plaintiffs from seeking relief through general remedial schemes like Section 1983. *See Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002). The Ninth Circuit has

concluded that Title II of the ADA includes its own comprehensive remedial scheme. *Id.* at 156. Therefore, a plaintiff cannot bring an action under 1983 to enforce rights created by the ADA. *See id.*; *Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012); *Hobrook v. City of Alpharetta*, 112 F.3d 1522, 1530–31 (11th Cir. 1997); *Vazquez v. City of La Habra*, 2019 WL 9240981, slip op. at 2 (C.D. Cal. 2019); *George v. New York City Transit Auth.*, 2014 WL 3388660, slip op. at 3 (S.D.N.Y. 2014). Instead, a plaintiff must sue directly under the ADA.

Ms. Langworthy may be able to state a claim against Defendants directly under the ADA. Title II prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. §§ 12131–12165. The ADA broadly defines "public entity" as "any State or local government [and] any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). The Eleventh Amendment general bars suits against states and state entities, but Congress may abrogate sovereign immunity. The United States Supreme Court held that Congress validly did so with Title II of the ADA as Title II applies to cases implicating the fundamental right of access to the courts. *Tennessee v. Lane*, 541 U.S. 509, 534 (2004).

To state an ADA claim, Ms. Langworthy must plausibly allege that "(1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of her disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Further, to state a claim for monetary damages under the ADA, she must plausibly allege intentional discrimination (in other words, deliberate indifference) on the part of Defendants. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001). To demonstrate deliberate indifference, she must sufficiently allege that Defendants had knowledge that an ADA violation was likely to occur and that, at a minimum, they failed to act. *Lovell*, 303 F.3d at 1056.

Plaintiff's complaint does not satisfy these requirements because she does not include

1   sufficient specific factual allegations. She does not identify her disability or what type of

2   accommodation she needed and was denied. (*See generally* Dkt. No. 5.) Instead, she makes only

3   the conclusory allegations that she is disabled and that various participants in the state court

4   system denied her reasonable accommodations. (*See, e.g.*, Dkt. No. 5 at 6 (alleging that "I have

5   been determined to be completely disabled by the Social Security Administration"); Dkt. No. 5 at

6   9 (alleging that in May 2019, "Whatcom Superior Court Judge Raquel Montoya-Lewis denied

7   Plaintiff reasonable disability accommodation in 19-2-00966-37, and offered no alternate

8   accommodation" and that in July 2019, "Whatcom District Court Commissioner Anthony Parise

9   failed to accommodate Ms. Langworthy's disabilities . . . and again denied reasonable

10  accommodation, and offered no alternate accommodation"); Dkt. No. 5 at 9–10 (alleging that in

11  December 2019, "Whatcom Superior Court Judge Rob Olson discriminatorily denied reasonable

12  accommodations to Plaintiff Langworthy, and offered no alternate accommodations").) These

13  conclusory allegations are not enough to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S.

14  544, 570 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

15  requires more than labels and conclusions, and a formulaic recitation of a cause of action's

16  elements will not do.'"); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, (9th Cir. 2011) (dismissing

17  a plaintiff's claims for failing to state what type of accommodation she needed and was denied

18  because "a plaintiff must identify the barriers that constitute the grounds for a claim under the

19  ADA in the complaint itself"); *Touma v. EEOC*, 2020 WL 2332171, slip op. at 13 (C.D. Cal.

20  2020) (dismissing an ADA claim for lack of specific factual allegations identifying a plaintiff's

21  disability).

22         Additionally, Ms. Langworthy's ADA claim is based in part on allegations that various

23  judges made adverse rulings against her during her state proceedings based on her disability.

24  (*See* Dkt. No. 5 at 6 (alleging that in May 2019 "Whatcom Superior Court Judge Raquel

25  Montoya-Lewis discriminatorily dismissed Ms. Langworthy's cause of action upon receipt of a

26  mental evaluation"); Dkt. No. 5 at 11 (alleging that in June 2020 "Whatcom Superior Court

Judge Deborra Garrett discriminatorily dismissed Ms. Langworthy's cause of action for disability-related issues, and in response to medical documentation obtained by illegal subpoena by the Opposing Counsel").) The Court lacks jurisdiction over any claims arising from these allegations under the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over any claim that is 'inextricably intertwined' with the decision of a state court." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 n.4 (9th Cir. 2003). A claim is "inextricably intertwined" with a state court decision "[i]f the injury alleged resulted from the state court judgment itself." *Id.* at 901. To the extent Ms. Langworthy claims her rights were violated by state court decisions, her claims are therefore barred. *See Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741–42 (7th Cir. 2016); *Bianchi*, 334 F.3d at 900–01 & n.4. If she wishes to challenge those state court decisions, she must do so through Washington's court system.

### 2. Fourteenth Amendment Due Process Clause

Ms. Langworthy also brings claims under Section 1983 based on alleged violations of the Due Process Clause of the Fourteenth Amendment. Her claims against the Defendant courts are barred by sovereign immunity, and she fails to plead sufficient facts to state a claim against Judge Montoya-Lewis in her official capacity.

States and state entities are absolutely immune from suit in federal court. *Alaska v. EEOC*, 564 F.3d 1062, 1065 (9th Cir. 2009). Exceptions exist when Congress validly abrogates state sovereign immunity (as it has for Title II of the ADA) or when a state waives its immunity by consenting to suit. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). The United States Supreme Court has held that Congress did not abrogate state sovereign immunity by enacting Section 1983, *Quern v. Jordan*, 440 U.S. 332 (1979), and the State has not waived its sovereign immunity in this case by express consent or legislation.

An additional exception to sovereign immunity exists when a Section 1983 claim is

1    brought against a state official in their official capacity for prospective injunctive relief only.

2    Such a claim is not barred by sovereign immunity under *Ex Parte Young*, 209 U.S. 123 (1908).

3    The *Ex parte Young* exception is available where a complaint "alleges an ongoing violation of

4    federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v.*

5    *Public Service Comm'n of Maryland*, 535 U.S. 635, 645 (2002). Ms. Langworthy's complaint

6    does not include sufficient factual allegations that plausibly give rise to the inference of an

7    ongoing due process violation and so she fails to state an *Ex parte Young* claim.

8        **3.   45 C.F.R. § 164**

9        Finally, Ms. Langworthy brings a Section 1983 claim for alleged violations of 45 C.F.R.

10   § 164. The cited regulation implements the Health Information Portability and Accessibility Act

11   ("HIPAA"). HIPAA provides both civil and criminal penalties for improper disclosures of

12   medical information and limits enforcement of the statute to the Secretary of Health and Human

13   Services. 42 U.S.C. §§ 1320d–5(a)(1), 1320d–6. Courts have uniformly held that HIPAA does

14   not create private rights that can be enforced through an implied cause of action or through

15   Section 1983. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir.

16   2007); *Adams v. Eureka Fire Prot. Dist.*, 352 Fed. App'x 137, 139 (8th Cir. 2009); *Sneed v. Pan*

17   *Am Hosp.*, 370 Fed. App'x 47, 50 (11th Cir. 2010); *Dalessio v. Univ. of Washington*, 2019 WL

18   2409607, slip op. at 3 (W.D. Wash. 2019); *Doe v. Kaweah Delta Hosp.*, 2016 WL 4381870, slip

19   op. at 3 (E.D. Cal. 2016), *aff'd*, 698 F. App'x 457 (9th Cir. 2017) (collecting cases).

20       Although the Court finds that the complaint fails to state a claim upon which relief can be

21   granted, it will not dismiss a claim unless "it is absolutely clear that no amendment can cure the

22   [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). **Accordingly,**

23   **the Court GRANTS Plaintiff leave to file an amended complaint curing the defects**

24   **identified above no later than 21 days from the date of this order.** Specifically, to state a

25   claim under the ADA, Plaintiff must allege additional facts describing the type of

26   accommodation that she needed and was denied and must allege injuries that were independent

of a state court decision. To state an *Ex pate Young* claim, Plaintiff must allege facts plausibly giving rise to an inference of an ongoing violation of her federal rights. If Plaintiff fails to file an amended complaint curing the deficiencies described above within the time allotted, the Court will dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 4th day of December 2020.

William M. McCool
Clerk of Court

s/Paula McNabb
Deputy Clerk