THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENEVA LANGWORTHY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WHATCOM COUNTY SUPERIOR COURT, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C20-1637-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Geneva Langworthy's motion for additional time to file an amended complaint (Dkt. No. 12), motion for leave to substitute a different version of the amended complaint (Dkt. No. 16), motion for leave to file a second amended complaint (Dkt. No. 22), motion to seal (Dkt. No. 19), and motion to appoint counsel (Dkt. No. 20). Having thoroughly considered the motions and the relevant record, the Court hereby DENIES the motion for additional time to file an amended complaint and the motion to substitute (Dkt. Nos. 12, 16) as moot, GRANTS the motion for leave to file a second amended complaint (Dkt. No. 22), DISMISSES the second amended complaint (Dkt. No. 22-1) under 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction and failure to state a claim, GRANTS in part and DENIES in part the motion to seal (Dkt. No. 19), and DENIES the motion to appoint counsel (Dkt. No. 20) as moot.

# I. BACKGROUND

Plaintiff Geneva Langworthy is proceeding *in forma pauperis* and sues the Whatcom County courts based on their alleged failures to provide her reasonable accommodations in several proceedings. Ms. Langworthy's original complaint alleged that the Whatcom County Superior Court, the Whatcom County District Court, and former Whatcom County Superior Court Judge Raquel Montoya-Lewis were liable under 42 U.S.C. § 1983 for violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12165; the Due Process Clause of the Fourteenth Amendment; and a federal regulation implementing the Health Insurance Portability and Accountability Act (HIPAA). (*See* Dkt. No. 5 at 2, 5.) Ms. Langworthy alleged that court staff and judges failed to provide her with reasonable accommodations and took adverse actions against her based on her disability. (Dkt. No. 5.)

The Court screened Ms. Langworthy's original complaint under 28 U.S.C. § 1915(e)(2)(B) and concluded that it must be dismissed. (Dkt. No. 9.) First, the Court explained that Ms. Langworthy could not bring a 42 U.S.C. § 1983 action to vindicate rights created by Title II of the ADA, and that, although she could bring a direct ADA claim against the State, her complaint lacked sufficient factual allegations to state a claim. (*Id.* at 2–4.) For example, she did not identify her disability or what type of accommodation she needed and was denied. (*Id.*) The Court also explained that to the extent Ms. Langworthy claimed her rights under the ADA were violated by state court decisions, her claims were barred by the *Rooker–Feldman* doctrine. (*Id.* at 4–5.)

Next, the Court found that Ms. Langworthy's 42 U.S.C. § 1983 claims against the courts based on alleged due process violations were barred by sovereign immunity. (*Id.* at 5.) Finally, the Court concluded that Ms. Langworthy's claims based on alleged violations of HIPAA's implementing regulations were not cognizable because HIPAA does not create private rights that can be enforced through an implied cause or action or through section 1983. (*Id.* at 6.) The Court gave Ms. Langworthy leave to file an amended complaint within 21 days, specifying that "to

state a claim under the ADA, Plaintiff must allege additional facts describing the type of accommodation that she needed and was denied and must allege injuries that were independent of a state court decision." (*Id.*)

Ms. Langworthy filed a first amended complaint (Dkt. Nos. 15, 17).[1] According to the first amended complaint, Ms. Langworthy asked the Alternative Humane Society (AHS) of Bellingham to temporarily foster her service dog, Snorri, but "immediately realized that there had been a mistake and requested [Snorri's] return." (*Id.* at 2.) The AHS refused, and later denied Ms. Langworthy's application to re-adopt her dog. (*Id.* at 2–3.) As a result, Ms. Langworthy filed multiple suits against the AHS and individuals associated with it in Whatcom County Superior Court, and individuals associated with AHS filed anti-harassment actions against Ms. Langworthy in Whatcom County District Court. (*Id.* at 2–3; *see generally* Dkt. No. 17.) The first amended complaint alleges that in each case, Ms. Langworthy requested reasonable accommodations, including the appointment of counsel, under Washington State General Rule (GR) 33 based on her disabilities, including generalized anxiety disorder and PTSD. (Dkt. No. 15 at 3.)[2] But the judges "uniformly denied her preferred accommodation" and "[o]nly one judge . . . offered an alternate accommodation." (*Id.* at 3.)

Ms. Langworthy moves for leave to file a second amended complaint (Dkt. No. 22), to seal her medical records and other parts of the docket (Dkt. No. 19), and for the appointment of

---

[1] The Court considers the appendix filed at Docket Number 17 as part of the first amended complaint filed at Docket Number 15. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (explaining that under Federal Rule of Civil Procedure 10(c), "written instruments attached to pleadings may be considered part of the pleading" and "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

[2] GR 33 sets forth procedures for handling requests for accommodation from persons with disabilities and requires courts to "consider, but not be limited by, the provisions of the Americans with Disabilities Act . . . , ch. RCW 49.60[, the Washington Law Against Discrimination], and other similar local, state, and federal laws." GR 33(c)(1)(A).

counsel (Dkt. No. 20). She has also withdrawn her first amended complaint. (Dkt. No. 24.)[3]

## II. DISCUSSION

### A. Motion for Leave to Amend

As an initial matter, the Court GRANTS Ms. Langworthy's motion for leave to file a second amended complaint (Dkt. No. 22). The Court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). The Court finds that granting leave to amend is appropriate here. Accordingly, the Court accepts Ms. Langworthy's second amended complaint (Dkt. No. 22-1) and reviews it under 28 U.S.C. § 1915(e)(2)(B).

### B. 28 U.S.C. § 1915(e)(2)(B) Review of Second Amended Complaint

Ms. Langworthy's second amended complaint brings claims against Whatcom County courts and judges for alleged violations of Title II of the ADA and alleged violations of the First and Fourteenth Amendments through 42 U.S.C. § 1983. The second amended complaint does not cure the deficiencies in the original complaint. First, although Ms. Langworthy added factual allegations about her disabilities and the accommodations she requested and was denied, she has not alleged injuries that are independent of state court decisions. Therefore, under the *Rooker–Feldman* doctrine, the Court lacks jurisdiction over her ADA claims for failure to provide reasonable accommodations. Second, Ms. Langworthy's section 1983 claims are barred by sovereign immunity and judicial immunity.

#### 1. ADA Claims

Ms. Langworthy's ADA claims are barred by the *Rooker–Feldman* doctrine. Under that doctrine, this Court lacks jurisdiction to review state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416

---

[3] Ms. Langworthy did not file her first amended complaint within the time allowed by the Court, but she filed a motion for additional time (Dkt. No. 12), and, in an effort to be as timely as possible, initially filed an incomplete version of the amended complaint and later filed a motion to substitute a more comprehensive version (Dkt. No. 16). These motions are rendered moot by Ms. Langworthy's withdrawal of her first amended complaint. Accordingly, the motions (Dkt. Nos. 12, 16) are DENIED as moot.

(1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983); 28 U.S.C. § 1257. "[N]o matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it." *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016). The doctrine applies not only to final judgments but also to interlocutory orders entered prior to the final disposition of a state court lawsuit. *Doe & Assocs. L. Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

The *Rooker–Feldman* doctrine bars litigants from bringing claims against state courts based on denials of reasonable accommodations when the denial—in other words, the injury—is effected through a court order. *See Sykes*, 837 F.3d at 743 (dismissing an ADA claim based on a state judge's order banning plaintiff's service dog from the courtroom because the source of plaintiff's alleged injury was the state court judgment); *Sidiakina v. Bertoli*, 2012 WL 12850130, slip op. at 4 (N.D. Cal. Sept. 7, 2012), *aff'd*, 612 F. App'x 477 (9th Cir. 2015) (dismissing an ADA claim based on a state judge's denial of plaintiff's requests for reasonable accommodations, including appointed counsel, disqualification of the assigned judge, and a change of venue); *Iceberg v. King Cnty. Super. Ct.*, 2021 WL 391615, slip op. at 4 (W.D. Wash. Feb. 4, 2021) (dismissing an ADA claim based on a state judge's denial of plaintiff's request for the appointment of counsel as an accommodation under GR 33); *Winchester v. Yakima Cnty. Super. Ct.*, 2011 WL 133017, slip op. at 1 (E.D. Wash. Jan. 14, 2011) (same). If an ADA claim challenges a state court *policy*, on the other hand, the claim may survive the *Rooker–Feldman* bar. *See Marks v. Tennessee*, 554 F.3d 619, 623 (6th Cir. 2009) (holding that an ADA claim was not barred because plaintiff did not allege he was injured by the court's rulings on his motions but by the Administrative Office of the Courts' policy requiring him to file such motions).[4]

---

[4] *Tennessee v. Lane* is another example of a case where an ADA injury occurred in state court but was not effected through or inextricably intertwined with a state court decision in a judicial proceeding. 541 U.S. 509 (2004). There, the plaintiffs, both paraplegics who used wheelchairs, claimed ADA violations because the courthouse had no elevator and they were required to crawl up two flights of stairs to get to the courtroom. *Id.* at 513.

Ms. Langworthy's claims are barred by *Rooker–Feldman* because they challenge state court decisions denying her requests under GR 33 for reasonable accommodations under Title II of the ADA. (*See, e.g.*, Dkt. No. 22-1 at 11–13.) Ms. Langworthy does not challenge a state court policy, nor does she challenge GR 33 itself. Rather, she alleges that the state court judges misapplied GR 33(a)(1)(C) to her requests and therefore failed to provide reasonable accommodations under the ADA. Under *Rooker-Feldman*, this Court cannot review the state courts' decisions about what accommodations the ADA requires. Ms. Langworthy must appeal the state court decisions within the state court system. Because the Court lacks jurisdiction, the Court DISMISSES Ms. Langworthy's claims under Title II of the ADA without prejudice and without leave to amend.

2. Section 1983 Claims

Ms. Langworthy's section 1983 claims against the Whatcom County Superior Court and the Whatcom County District Court are barred by sovereign immunity. States and state entities are absolutely immune from suit in federal court. *Alaska v. EEOC*, 564 F.3d 1062, 1065 (9th Cir. 2009). Exceptions exist when Congress validly abrogates state sovereign immunity (as it has for Title II of the ADA) or when a state waives its immunity by consenting to suit. *See College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). But Congress did not abrogate state sovereign immunity by enacting section 1983, *Quern v. Jordan*, 440 U.S. 332 (1979), and the State has not waived its sovereign immunity in this case by express consent or legislation. The Whatcom County courts are arms of the State, and therefore, Plaintiff's section 1983 claims are not cognizable. *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003).

Ms. Langworthy's section 1983 claims against the Defendant judges are barred by judicial immunity. Judges are immune from liability for damages relating to acts performed in the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Judges are immune even if the judicial action was

1  erroneous, malicious, or performed in excess of judicial authority. *Mullis*, 828 F.2d at 1388. A
2  judge will be subject to liability only when acting in the "clear absence of all jurisdiction" or
3  when performing an act that is not "judicial" in nature. *Mireles*, 502 U.S. at 11–12. All the acts
4  that Ms. Langworthy alleges violated her rights are judicial acts, and she does not plausibly
5  allege that the judges acted in the absence of jurisdiction.

6  Accordingly, the Court DISMISSES Ms. Langworthy's section 1983 claims with
7  prejudice.[5]

### C. Motion to Seal

9  Finally, the Court turns to Ms. Langworthy's motion to seal (Dkt. No. 19). Ms.
10 Langworthy asks the Court to seal her "medical documentation" and "psychiatric reports" in
11 their entirety and to redact "other portions of the record pertaining to her mental health diagnoses
12 and symptomology" to preserve her privacy and protect her from ongoing discrimination. (Dkt.
13 No. 19 at 3.) She suggests that "the Court might order the redaction of Ms. Langworthy's name,
14 and/or specific portions of the record pertaining to privacy interests." (*Id.*)

15 Local Civil Rule 5(g) allows a party to move to seal specific documents and to
16 contemporaneously file those documents under seal. *See* W.D. Wash. Local Civ. R. 5(g)(2)(B).
17 Ms. Langworthy's motion to seal does not identify the specific documents (either by docket
18 number or by title) or portions of documents in the record that she would like the Court to seal,
19 and she did not file any documents under seal or with redactions as contemplated by the local
20 rule. However, it appears that the "medical documentation" and "psychiatric reports" to which
21 she refers are filed at Docket Number 17 as exhibits to the first amended complaint. The Court
22 will construe Ms. Langworthy's motion as a request to redact her name (in other words, to
23 proceed anonymously), to seal Docket Number 17, and to redact the portions of her complaints
24 that describe her mental health diagnoses and symptomology.

---

[5] Because the Court dismisses Ms. Langworthy's complaint, the Court DENIES her motion for appointment of counsel (Dkt. No. 20) as moot.

The Court begins with a strong presumption in favor of access to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Court records may be sealed only when the public's right of access is outweighed by interests that favor nondisclosure. *See id.* at 1179. The party seeking to seal a complaint or portions thereof bears the burden of showing that there are compelling reasons to seal that outweigh the public's interest in disclosure. *Schwartz v. Cook*, 2016 WL 1301186, slip op. at 1 (N.D. Cal. Apr. 4, 2016). "The mere fact that the production of records may lead to a litigant's embarrassment . . . will not, without more, compel the court to seal." *Kamakana*, 447 F.3d at 1179.

Similarly, the presumption in litigation is that parties must use their names. *Does I Thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000). A party may proceed anonymously only when "special circumstances justify secrecy." *Id.* at 1067. To determine whether to allow a party to proceed anonymously, a district should "consider five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

Having considered the *Advanced Textile* factors, the Court DENIES Ms. Langworthy's request for anonymity. The potential harm to be suffered by Ms. Langworthy is largely speculative. Ms. Langworthy notes that "[t]here is a pervading prejudice against disability in general" and "[p]eople with hidden disabilities . . . experience routine bias." (Dkt. No. 19 at 2.) The Court understands Ms. Langworthy's concern and recognizes that exposing her disabilities publicly by filing a lawsuit carries some risk that she will experience discrimination. Nevertheless, while all ADA plaintiffs face that risk, there is no tradition of anonymous ADA litigation. Ms. Langworthy evidently believes that the opposing parties in her state court cases are accessing the docket in this case, (*see* Dkt. No. 19 at 2), but her concern does not appear to rise above the level of speculation, nor does she articulate any harm flowing from such access.

Accordingly, Ms. Langworthy has not overcome the presumption against anonymous litigation.

The Court also DENIES Ms. Langworthy's request to redact the portions of her complaints identifying her mental health diagnoses and symptomology. The allegations in the complaints about Ms. Langworthy's disabilities implicate personal privacy interests. But when an individual brings a claim with respect to which her disabilities are central, the public has a substantial interest in knowing about those disabilities so it can meaningfully oversee the Court's exercise of its judicial power. As a result, an ADA plaintiff's privacy interest will often yield to some degree to the public's interest in open judicial proceedings. While the complaints identify Ms. Langworthy's mental health diagnoses and symptoms, the information provided is not so detailed that her privacy interest in the information outweighs the public's interest in access.

On the other hand, the medical documentation and psychological reports filed as attachments to Ms. Langworthy's first amended complaint contain significantly more detail. This level of detail about Ms. Langworthy's conditions is not necessary for the public to review the proceedings. Therefore, the Court finds that Ms. Langworthy's interest in keeping these records private is a compelling reason that outweighs the public's interest in disclosure and GRANTS Ms. Langworthy's request to seal Docket Number 17.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the motion for additional time to file an amended complaint and the motion for leave to substitute as moot (Dkt. Nos. 12, 16), GRANTS the motion for leave to file a second amended complaint (Dkt. No. 22), DISMISSES the second amended complaint (Dkt. No. 22-1) under 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction and failure to state a claim, GRANTS in part and DENIES in part the motion to seal (Dkt. No. 19), and DENIES the motion to appoint counsel (Dkt. No. 20) as moot. The Clerk is DIRECTED to seal Docket Number 17 and maintain it under seal until further order of the Court, to send a copy of this Order to Ms. Langworthy, and to close this case.

//

1    DATED this 5th day of May 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE